UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES ELMER SHAW,<br><br>            Plaintiff,<br><br>   vs.<br><br>DARIN YOUNG, WARDEN; JENNIFER WAGNER, ASSOCIATE WARDEN; ARTHOR ALLCOCK, ASSOCIATE WARDEN; TROY PONTO, ASSOCIATE WARDEN; AL MADSON, UNIT MANAGER; SAM BADURE, UNIT MANAGER; TIM MIEROSE, UNIT MANAGER; CLIFF FANTROY, UNIT MANAGER; DERICK BIEBER, UNIT MANAGER; JACOB GLASIER, UNIT COORDINATOR; MARY CARPENTER, M.D. (HEALTH SERVICES); E. R. REGIER, M.D. (HEALTH SERVICES); BRAD ADAMS, PAC (HEALTH SERVICES); AND HEATHER BOWER, RN (HEATH SERVICES);<br><br>            Defendants. | 4:15-CV-04121-KES<br><br><br>REPORT AND RECOMMENDATION ON SCREENING |

**INTRODUCTION**

This matter is before the court on plaintiff James Elmer Shaw's *pro se* amended complaint pursuant to 42 U.S.C. § 1983, filed August 12, 2015.  See Docket No. 8.[1]  Mr. Shaw has been granted *in forma pauperis* status and has been allowed to proceed without payment of the partial filing fee.  Docket 13.

---

[1] Mr. Shaw filed his amended complaint without leave of court, pursuant to FED. R. CIV. P. 15(a) which allows the plaintiff to file an amended complaint once as a matter of course if no responsive pleading has been filed.  Because Mr. Shaw's original complaint (Docket 1) has not yet been served, no

1

The pending matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the October 16, 2014 standing order of the Honorable Karen E. Schreier, district judge. The court has "screened" Mr. Shaw's amended complaint and respectfully recommends that Mr. Shaw's complaint be dismissed **in part** for failure to state a claim upon which relief may be granted against certain defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii) and 1915A(b)(1). The court recommends the complaint be served upon the remaining defendants.

**FACTS**

**A.     Mr. Shaw's Claim**

As explained above, Mr. Shaw's amended complaint is quite lengthy (51 pages) and he has named fourteen defendants. The court explains his claims here in a greatly abbreviated form. Mr. Shaw is incarcerated at the South Dakota State Penitentiary. Docket 8 at ¶ 3. Beginning in 2004, he has complained of knee pain, first in the right knee and then in the left knee. Id., ¶ 21, ¶ 120. He finally had surgery on his right knee in 2013, but was told that by then the damage was too great and beyond repair. Id. at ¶ 145. Mr. Shaw had surgery on his left knee on March 9, 2015 "after years of pain and suffering . . ." Id. at ¶ 197. He believes the medical care he has received for his knee problems has been untimely and inadequate, and that the delay and inadequacy has caused unnecessary pain and

---

responsive pleading has been filed. "It is well established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In Re: Atlas Van Lines, 209 F.3d 1064, 1067 (8th Cir. 2000) (citation omitted). Mr. Shaw's amended complaint is fifty-one (51) pages long and he made no indication that he intended it to supplement rather than supplant his original complaint. For screening purposes, therefore, only the amended complaint is considered.

2

suffering, amounting to deliberate indifference to his serious medical needs. Id. at ¶¶ 257-259.

Mr. Shaw also alleges that as a result of untimely and inadequate medical care for his knees, he now suffers from back problems, which the defendants also treat with deliberate indifference. Id. at ¶ 260. As a result of the defendants' actions and inactions, Mr. Shaw asserts he suffers from depression and fears he will soon be wheelchair bound. Id., ¶¶ 266-67. He asks the court to enter an order commanding the defendants to provide him with adequate pain medication, a "no-stair" order, an MRI on his spine, and a surgical remedy for his ongoing right knee problems, in addition to compensatory damages for his pain and suffering in the amount of at least $350.00 per day from January, 2004 to the present. Id. at ¶ 273-74. Mr. Shaw requests a jury trial.

B.   **The Defendants Named in Mr. Shaw's Amended Complaint**

Mr. Shaw has named fourteen defendants. Though the named defendants are many, they fall into two basic categories: Mr. Shaw's institutional medical providers and persons within the SDSP who hold supervisory positions. The named defendants are categorized below:

| Supervisory defendants: | Medical defendants: |
|---|---|
| Darin Young—Warden | Mary Carpenter, MD—Medical Director |
| Jennifer Wagner-Deputy Warden | E.R. Regier, MD--Dept. of Health Svcs. |
| Arthur Allcock—Associate Warden | Brad Adams, PAC—Dept. of Health Svcs. |
| Troy Ponto—Associate Warden | Heather Bower, PAC—Dept. of Health Svcs. |
| Al Madsen—Unit Manager | |
| Sam Badure-Unit Manager | |
| Tim Mierose—Unit Manager | |
| Cliff Fantroy—Unit Manager | |
| Derrick Bieber—Unit Manager | |
| Jacob Glasier—Unit Coordinator | |

Mr. Shaw's sole claim is that the defendants have been deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment prohibition against cruel and unusual punishment.  As explained more fully below, to survive screening Mr. Shaw's amended complaint must sufficiently articulate how *each* of the named defendants has been deliberately indifferent.

## DISCUSSION

### A.     Rule 12(b)(6) and 28 U.S.C. § 1915 Screening Standards.

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)) and 1915A(b)(1), a prisoner's complaint should be dismissed on screening if it "fails to state a claim upon which relief may be granted."  This standard is the same standard as is used to determine whether a complaint satisfies the standards of FED. R. CIV. P. 12(b)(6). Kane v. Lancaster County Dept. of Corrections, 960 F.Supp. 219 (D. Neb. 1997). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded,  . . . to less stringent standards than formal pleadings drafted by lawyers.' "  Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).  "When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper framework."  Id. at 544 (quoting Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004)).

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a claim if the plaintiff has failed to state a claim upon which relief can be granted.  Plaintiffs

4

must plead "enough facts to state a claim to relief that is *plausible* on its face." Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)). A complaint does not need "detailed factual allegations" to survive a motion to dismiss, but a plaintiff must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). There is also a "plausibility standard" which "requires a complaint with enough factual matter (taken as true)" to support the conclusion that the plaintiff has a valid claim. Id. at 556. The plaintiff's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief. Id.

There are two "working principles" that apply to Rule 12(b)(6) motions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint. Id. (citing Papasan, 478 U.S. at 286). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

5

at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)).  Where the plaintiff's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has *alleged*–but has not "show[n]"–that he is entitled to relief as required by Rule 8(a)(2).  Iqbal, 556 U.S. at 679 (emphasis added).

The Court explained that a reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to the presumption of truth.  Id. at 679-680.  Legal conclusions must be supported by factual allegations demonstrating the grounds for a plaintiff's entitlement to relief.  Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.  These are the principles guiding the court's examination of the sufficiency of Mr. Shaw's amended complaint to determine whether it survives screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii))  and 1915A(b)(1).

**B.    Standards for Deliberate Indifference Claims.**

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment.  Allard v. Baldwin, 779 F.3d 768, 771 (8th Cir. 2015).  That prohibition includes prison officials' deliberate indifference to the medical needs of inmates.  Id.  That is because "deliberate indifference to serious medical needs of prisoners constitutes 'the unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment."  Estelle v. Gamble,

429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05.

"[T]his does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. Allegations of negligence are not enough to state a claim. Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (prisoner must show more than gross negligence and more than disagreement with treatment decisions).

Deliberate indifference requires the court to make both an objective and a subjective evaluation. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997)). Mr. Shaw is required to allege (1) that he suffered objectively serious medical needs and (2) that defendant actually knew of but deliberately disregarded those needs. Id. (citing Coleman, 114 F.3d at 784). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Coleman, 114 F.3d at 784. To establish liability, "the official must both be aware of facts from which the inference could be drawn that a

7

substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  A plaintiff asserting deliberate indifference "must show more than even gross negligence"—he "must establish a 'mental state akin to criminal recklessness:  disregarding a known risk to the inmate's health.' " Allard, 779 F.3d at 771-72.

"[A] total deprivation of care is not a necessary condition for finding a constitutional violation:  'Grossly incompetent or inadequate care can [also] constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.' " Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) (quoting Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990)).  A plaintiff can also show deliberate indifference by demonstrating that a defendant denied access to or intentionally delayed medical care.  Allard, 779 F.3d at 772.

> **1. Mr. Shaw's Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted As to Defendants Warden Young, Deputy Warden Wagner, Associate Warden Allcock, Associate Warden Ponto, Unit Manager Mierose, and Unit Manager Fantroy.**

The claims Mr. Shaw articulates in his amended complaint against Warden Young, Deputy Warden Wagner, Associate Warden Allcock, Associate Warden Ponto, Unit Manager Mierose, and Unit Manager Fantroy are based upon their supervisory roles within the DOC.

The allegations against these supervisory DOC employees in Mr. Shaw's amended complaint are scant.  "In the section 1983 context, supervisor liability is limited.  A supervisor cannot be held liable, on a theory of respondeat

superior, for an employee's unconstitutional actions." White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). Rather, a supervisor incurs liability for an Eighth Amendment violation when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). "The supervisor must know about the conduct, and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see." Ripson v. Alles, 21 F.3d 805, 809 (8th Cir. 1994) (citations omitted).

> Further,
>
> [b]ecause vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Thus, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct. As we have held, a supervising officer can be liable only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citation omitted, internal punctuation altered). Mr. Shaw's claims fall short. No conduct-specific information is articulated regarding these supervisory employees in Mr. Shaw's amended complaint. There is no indication those supervisory DOC employees participated in the events which form the bases for the constitutional violations Mr. Shaw alleges in his amended complaint. Instead, he asserts these persons (at most) insufficiently responded to his grievances about the constitutional violations he alleges.

9

Mr. Shaw explains Warden Young "was/is charged with the custody and care of Plaintiff [and is] the facilities' highest authority responsible for the appointment, employment and oversight of facility staff, and oversight of facility operations generally and is the final appellate authority over inmate grievances and concerns." Docket 8 at ¶ 4. Mr. Shaw explains Deputy Warden Wagner is "charged with the custody and care of Plaintiff" and "under Warden Young." Id. at ¶ 5. He explains that Associate Wardens Allcock and Ponto are also charged with his custody and care and are also "under Warden Young." Id. at ¶¶ 6-7. He explains that Unit Managers Mierose and Bieber were also "charged with the custody and care of Plaintiff." Id. at ¶¶ 10-11.

"Failure to process or investigate grievances, *without more,* is not actionable under § 1983." Thomas v. Banks, 584 Fed. Appx. 291 (8th Cir. 2014) (emphasis added); Harris v. Caruso, 465 Fed. Appx. 481, 487 (6th Cir. 2012). Thomas does not foreclose the possibility that a supervisor's involvement by virtue of responding to a grievance, in addition to other facts, might subject him or her to liability in an individual capacity. The evidence cited by Mr. Shaw in this case, however, is insufficient to state a claim. Mr. Shaw does not allege Warden Young or any of the other supervisory personnel who answered his grievances had any medical expertise whatsoever that would qualify them to override the decisions of the medical providers which were the subject of the grievances.[2] Dubois v. Dooley, 277 Fed. Appx.

---

[2] Mr. Shaw's allegations against Warden Young and Jennifer Wagner are based exclusively on their failure to adequately respond to his grievances. He makes no specific allegations against Associate Warden Allcock. Shaw's specific

10

651, 652 (8th Cir. 2008) (no deliberate indifference by warden where warden's only involvement was to respond to grievances, and warden may not substitute his judgment for medical professional's prescribed treatment).

As such, it is recommended to the district court that defendants Warden Young, Deputy Warden Wagner, Associate Warden Allcock, Associate Warden Ponto, Unit Manager Mierose, and Unit Manager Fantroy be DISMISSED from Mr. Shaw's lawsuit at this pre-service stage of the litigation for failure to state a claim upon which relief may be granted against them.

### 2. Mr. Shaw's Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted as to Defendants Brad Adams, PAC and Heather Bowers, PAC.

Mr. Shaw does not claim that Brad Adams and Heather Bowers are supervisory employees within the DOC. Instead, he explains they are employed by the Department of Health through the DOC's Health Services Department and are "charged with providing medical care to SDSP inmates." Docket 8 at ¶¶ 15-16.

Throughout his amended complaint, Mr. Shaw makes many general statements about "health services." See e.g. ¶ 50 (he was told by health services he could not see a specialist); ¶ 83 (he tried to convince health services

---

allegation regarding Associate Warden Ponto appears in ¶ 233, indicating Associate Warden Ponto had Mr. Shaw moved to a handicap cell. Mr. Shaw's specific allegation against Unit Manager Mierose is that Mr. Mierose refused Mr. Shaw's request for a new mattress in April, 2015. Mr. Shaw does not claim, however that Mr. Mierose refused the mattress knowing that Mr. Shaw had a medical need or medical order for one. Similarly, Mr. Shaw's specific allegation against Unit Manager Fantroy is that Mr. Fantroy took away his ice and pillow that was not medically prescribed. Docket 8 at ¶¶ 129-134. None of these allegations state a claim for deliberate indifference to a serious medical need.

that he did not just aggravate the old injury); ¶ 115 (health services refuses to allow him access to his medical records).  Mr. Shaw does not make any specific allegations of deliberate indifference against either Brad Adams or Heather Bowers, however, in his amended complaint.  As to these individuals as well, however, they are liable only for their own alleged misconduct and may be "liable only if [they] personally displayed deliberate indifference . . ." <u>Nelson v. Correctional Medical Services</u>, 583 F.3d 522, 535 (8th Cir. 2009).  Mr. Shaw's sweeping statements about "health services," therefore, are insufficient to state a claim against Mr. Adams or Ms. Bowers and he has otherwise failed to state a claim for deliberate indifference against either of them.  They too, therefore, should be dismissed from this lawsuit at this pre-service stage of the litigation for failure to state a claim upon which relief may be granted against them.

>  **3.  Mr. Shaw's Amended Complaint States A Claim Upon Which Relief May Be Granted As To Defendants Al Madsen, Sam Badure, Jacob Glasier, Mary Carpenter, and Eugene Regier.**

Defendants Al Madsen, Sam Badure and Jacob Glasier are correctional officers/supervisors who are not medical health care providers.  Mr. Shaw has sufficiently alleged, however, that each of these three individuals' own actions or inactions constitute deliberate indifference to his serious medical condition.

<u>Allard</u>  and <u>Estelle</u> instruct that deliberate indifference can be shown by (1) an indifferent response to the prisoner's needs by the prison physician; and (2) intentional denial or delay of treatment by prison guards once such

treatment has been prescribed.  <u>Allard</u>, 779 F.3d at 771; <u>Estelle</u>, 429 U.S. at 104-05.

Mr. Shaw alleges that Defendant Al Madsen refused to allow him ice packs which had been prescribed to him by his surgeon for his knee immediately after surgery and told him "it sucks to get your way all the time, doesn't it?" Docket 8 at ¶¶ 215-16.  These allegations sufficiently state a claim for deliberate indifference to a serious medical need.

Mr. Shaw alleges that immediately after his left knee surgery in March, 2015, defendant Sam Badure was involved in denying him an appropriate cell placement which would allow him to rehabilitate his left knee.  As a result, he alleges he slept on the floor of a holding cell for five days following his surgery.  Docket 8 at ¶¶ 217-224.  These allegations sufficiently state a claim for deliberate indifference to a serious medical need.

Mr. Shaw alleges that immediately after his left knee surgery in March, 2015, defendant Jacob Glasier was also involved in denying him an appropriate cell placement which would allow him to rehabilitate his left knee.  As a result, he alleges he slept on the floor of a holding cell for five days following his surgery.  Docket 8 at ¶¶200-224.  These allegations sufficiently state a claim for deliberate indifference to a serious medical need.

Mr. Shaw makes several allegations against the prison physician, Dr. Regier.  For example, he alleges that an outside orthopedic physician (Dr. Hermanson) recommended surgery for the right knee as early as 2008 but Dr. Regier did not follow the recommendation and did not inform Mr. Shaw of

the recommendation until 2011.  Docket 8 at ¶¶ 93-99.  The MRI of his right knee taken in January, 2013 showed an ACL tear, a meniscus tear, cartilage defects and a Baker's cyst, but surgery was not performed until June, 2013.  Id. at    ¶¶ 142-144.  By then, the damage to his right knee was not repairable.  Id. at ¶ 145.  These allegations sufficiently state a claim for deliberate indifference to a serious medical need.

Mr. Shaw explains that Mary Carpenter is the Medical Director for the Correctional Health Services division of the South Dakota Department of Health.  Docket 8 at ¶ 13.  After one of the prison nurse practitioners told Mr. Shaw in August, 2014 that surgery on his left knee was "imperative," (id. at ¶¶ 178-79) Dr. Carpenter denied a utilization management request for an orthopedic consult because of "budget cuts."  Id. at ¶ 182.  Mr. Shaw's left knee was not surgically repaired until March, 2015.  Id. at ¶ 197.  These allegations sufficiently state a claim for deliberate indifference to a serious medical need.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is respectfully recommended to the district court that the following defendants be DISMISSED from Mr. Shaw's amended complaint before it is served:

1. Warden Darin Young
2. Deputy Warden Jennifer Wagner
3. Associate Warden Arthur Allcock
4. Associate Warden Troy Ponto
5. Unit Manager Tim Mierose

    6. Unit Manager Cliff Fantroy

    7. Unit Manager Derrick Bieber

    8. Brad Adams, PAC

    9. Heather Bower, PAC

It is further recommended that the amended complaint be served, along with a copy of this screening opinion, upon the following defendants:

    1. Unit Manager Al Madsen

    2. Unit Manager Sam Badure

    3. Unit Coordinator Jacob Glasier

    4. Mary Carpenter, MD

    5. Eugene Regier, MD

**NOTICE TO PARTIES**

Mr. Shaw has fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED October 19th, 2015.

                BY THE COURT:

                */s/ Veronica L. Duffy*
                _____
                VERONICA L. DUFFY
                United States Magistrate Judge