UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES ELMER SHAW,<br><br>Plaintiff,<br><br>vs.<br><br>TROY PONTO, ASSOCIATE WARDEN; AL MADSON, UNIT MANAGER; SAM BADURE, UNIT MANAGER; DERICK BIEBER, UNIT MANAGER; JACOB GLASER, UNIT COORDINATOR; MARY CARPENTER, M.D. (HEALTH SERVICES); E. R. REGIER, M.D. (HEALTH SERVICES); HEATHER BOWERS, RN (HEATH SERVICES); and AUDREY SHEDD, HEAD RN;<br><br>Defendants. | 4:15-CV-04121-KES<br><br><br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND DENYING MOTION TO APPOINT COUNSEL |

Plaintiff, James Elmer Shaw, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Shaw has now filed his fourth amended complaint, and defendants move the court to enter a protective order staying discovery. Docket 44. Shaw also moves the court to appoint him counsel. For the following reasons, defendants' motion is granted, and Shaw's motion is denied.

## DISCUSSION

### I. Motion for Protective Order

Pursuant to Rule 26(c), "the court has discretion to stay discovery on other issues until the critical issue has been decided." 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2040

(3d ed.); *see also Maune v. Int'l Bhd. of Elec. Workers*, 83 F.3d 959, 963 (8th Cir. 1996) (upholding the district court's granting of a party's request to stay discovery). Because the qualified immunity issue may be dispositive, the court grants defendants' motion to stay discovery pending resolution of that issue.

The court grants defendants' motion for protective order to the extent they seek a protective order until the qualified immunity issue is settled. The court makes no ruling on defendants' arguments that a number of Shaw's discovery requests are irrelevant or inappropriate. The court will rule on these matters, if necessary, after the qualified immunity issue has been resolved.

In his response, Shaw questions whether defendants' motion is certified and timely. Docket 46 at 1-2. Because the court finds that the motion was properly filed, the court rejects these objections. Shaw also states that some of the discovery he requests is necessary to resolve the qualified immunity question. *Id.* at 4. The court agrees. To the extent that Shaw requests his medical records or other documents (such as emails) that concern his medical treatment, defendants must produce these documents. Defendants argue that requiring them to engage in "broad discovery" would rob them of the protections provided by qualified immunity. Shaw's medical records and any administrative records concerning his medical treatment, however, do not represent broad discovery and are necessary to the qualified immunity question.

2

## II. Motion to Appoint Counsel

Shaw moves the court to appoint him counsel. Docket 48. The court previously appointed Shaw counsel, Docket 27, but counsel withdrew from the case, citing "a conflict of interest and a breakdown in attorney-client communication . . . ." Docket 39. Shaw again moves the court to appoint him counsel. Docket 48. Upon further review, the court finds that Shaw is able to represent himself.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* Shaw's claims are not complex, and he appears able to adequately present his § 1983 claims at this time. Therefore, his motion is denied.

Thus, it is ORDERED

1. Defendants' motion to stay discovery (Docket 44) is granted.
2. Defendants have 30 days to produce Shaw's medical records and other documents as discussed above.
3. Shaw shall respond to defendants' motion for summary judgment by March 31, 2017.

4. Shaw's motion to appoint counsel (Docket 48) is denied..

Dated January 31, 2017.

                                                            BY THE COURT:

                                                             */s/ Karen E. Schreier*
                                                             KAREN E. SCHREIER
                                                             UNITED STATES DISTRICT JUDGE