UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES ELMER SHAW,<br><br>                Plaintiff,<br><br>    vs.<br><br>**TROY PONTO**, ASSOCIATE WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; **AL MADSON**, UNIT MANAGER, INDIVIDUAL AND OFFICIAL CAPACITY; **SAM BADURE**, UNIT MANAGER, INDIVIDUAL AND OFFICIAL CAPACITY; **DERICK BIEBER**, UNIT MANAGER, INDIVIDUAL AND OFFICIAL CAPACITY; **JACOB GLASIER**, UNIT COORDINATOR, INDIVIDUAL AND OFFICIAL CAPACITY; **DR. MARY CARPENTER**, M.D. (HEALTH SERVICES), INDIVIDUAL AND OFFICIAL CAPACITY; **DR. EUGENE REGIER**, MD, INDIVIDUAL AND OFFICIAL CAPACITY; **HEATHER BOWERS, RN** (HEATH SERVICES), INDIVIDUAL AND OFFICIAL CAPACITY; **AUDREY SHEDD**, HEAD REGISTERED NURSE, INDIVIDUAL AND OFFICIAL CAPACITY;<br>                Defendants. | 4:15-CV-04121-KES<br><br>ORDER<br><br>THIRD MOTION FOR APPOINTMENT OF COUNSEL [DOCKET 77] |

**INTRODUCTION**

This matter is before the court on plaintiff James Elmer Shaw's *pro se* fourth amended complaint pursuant to 42 U.S.C. § 1983, filed September 12, 2016. See Docket No. 41. The pending matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the April 13, 2017, order of

the Honorable Karen E. Schreier, district judge.  The defendants have taken no position on Mr. Shaw's third motion for appointment of counsel.  Docket 82, p. 12.

**DISCUSSION**

Mr. Shaw has twice before moved for appointment of counsel.  This court denied his first motion.  See Docket 12.  Thereafter, Mr. Shaw moved to amend his complaint and the district court granted the motion to amend. Docket 19, 24.  Mr. Shaw amended his complaint (Docket 25) and thereafter, the district court *sua sponte* appointed counsel.  Docket 27.  Counsel filed a third amended complaint (Docket 28) before Mr. Shaw's second amended complaint was screened or served upon the defendants.  Shortly after the summonses were issued, appointed counsel moved to withdraw, and Mr. Shaw filed a *pro se* fourth amended complaint.   The defendants requested and were granted an extension of time to file their answers.  They indicated in their ECF filing that the answers they filed were to Mr. Shaw's *pro se* fourth amended complaint.  See Docket 42.

In this, his third motion for appointment of counsel, Mr. Shaw indicates he was dissatisfied with his appointed counsel and that he communicated those reasons for his dissatisfaction with her.  Mr. Shaw reiterates in this motion the reasons he believes his appointed counsel was incompetent and why he believes the fourth amended complaint, drafted by him with the assistance of his jailhouse lawyer, was far superior to the complaint drafted by his appointed counsel.

After the defendants answered Mr. Shaw's fourth amended complaint, Mr. Shaw again requested appointed counsel. Docket 48. The district court, however, denied the motion (Docket 62), finding that upon further review, Mr. Shaw had demonstrated an ability to ably represent himself. This court agrees.

"A *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).

Mr. Shaw asserts that because this is a medical case, it is too complex for him to handle on a *pro se* basis. At this stage of the proceedings, however, Mr. Shaw has demonstrated he is more than capable of presenting his case to the court. Mr. Shaw is likewise able to investigate the facts. Contrary to his assertions, he may write to his outside physicians and receive correspondence from them if needed per the protocol described in Cody v. Young, et. al., Civ. No. 14-4155, United States District Court, District of South Dakota (and described by the affidavit of Heather Bowers in this case, Docket 66, ¶ 13). Next, Mr. Shaw asserts he requires counsel because there will be conflicting testimony. Should Mr. Shaw's claims survive summary judgment on the

qualified immunity issue, the court will revisit appointment of counsel for purposes of determining whether counsel is necessary to cross-examine witnesses at trial. Mr. Shaw has demonstrated his ability to present his claims on a *pro se* basis.

Therefore, it is ORDERED that Mr. Shaw's third motion for appointment of counsel (Docket 77) is DENIED.

DATED this 16th day of June, 2017.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge